# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

FEDERAL TRADE COMMISSION

    Plaintiff,

v.

DAVID SCOTT MARLEAU, individually and as an officer or director of Jedi Investments, LLC, Impact Fundraising, LLC, Millenium Fundraising, LLC, and PC Marl, Inc.;
JEDI INVESTMENTS, LLC, a Washington limited liability company;
IMPACT FUNDRAISING, LLC, a Washington limited liability company;
MILLENIUM FUNDRAISING, LLC, a Washington limited liability company; and
PC MARL, INC., an Oregon corporation,,

    Defendants.

Civil No. C09-5289BHS

**STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION**

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), has filed a complaint for permanent injunction and other relief, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, charging defendants David Scott Marleau, Jedi Investments, LLC, Impact Fundraising, LLC,

Millenium Fundraising, LLC, and PC Marl, Inc., with engaging in deceptive acts or practices in connection with the solicitation of charitable contributions by telephone and mail in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) and the Commission's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310. The Commission and defendants acting by and through counsel, for the purpose of full and final settlement of the matters alleged in the complaint filed in this case, have agreed to entry of this Stipulated Order for Permanent Injunction without a trial or adjudication of any issue of law or fact therein.

NOW, THEREFORE, the Commission and defendants having requested the Court to enter this Order, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

## **FINDINGS**

1. This is an action by the Commission under Section 13(b) of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, the Telemarketing Act, 15 U.S.C. §§ 6101-6108, and the TSR, 16 C.F.R. Part 310. Pursuant to these statutes and regulations, the Commission has the authority to seek the relief contained herein.

2. The Commission's complaint states a claim upon which relief may be granted against defendants under Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b), and 57b, the Telemarketing Act, 15 U.S.C. §§ 6101-6108, and the TSR, 16 C.F.R. Part 310.

3. This Court has jurisdiction of the subject matter of this case and all the parties hereto. Venue in the Western District of Washington is proper.

4. The alleged activities of defendants are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. The parties shall each bear their own costs and attorney's fees incurred in this action and have waived all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412.

6. Defendants have waived all rights to seek appellate review or otherwise challenge or contest the validity of this Order.

7. Defendants have waived and released any claims that they may have against the Commission or its employees, agents, or representatives.

8. Entry of this Order is in the public interest.

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

# **DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1. "And" as well as "or" have both conjunctive and disjunctive meanings.

2. "Assisting others" includes, but is not limited to: (a) formulating or providing, or arranging to formulate or provide, any telephone script or any other solicitation materials; (b) formulating or mailing, or arranging to formulate or mail, any solicitation, receipt, invoice, or any other materials sent to donors; (c) providing or arranging to provide the names of donors; (d) arranging for continuing affiliation between any person and any purported nonprofit organization for the purpose of soliciting donations; (e) providing or arranging to provide customer service functions including, but not limited to, receiving or responding to donor questions or complaints, or accepting or handling any refund requests; or (f) providing consultation services to any person engaged in the business of fundraising or telemarketing.

3. "Corporate Defendants" means Jedi Investments, LLC, Impact Fundraising, LLC, Millenium Fundraising, LLC, and PC Marl, Inc. and their successors and assigns.

4. "Defendants" means the Individual Defendant and all of the Corporate Defendants, individually, collectively, or in any combination.

5. "Donation" or "charitable contribution" means any donation or gift of money or any other thing of value.

6. "Donor" or "consumer" means any person solicited to make a charitable contribution.

7. "Fundraising" means a plan, program, or campaign which is conducted to induce charitable contributions by mail, telephone, electronic mail, or any other means.

8. "Individual Defendant" means David Scott Marleau.

9. "Nonprofit organization" means any person that is, or is represented to be, a nonprofit entity or that has, or is represented to have, a charitable purpose, specifically including any entity that purports to benefit, either in whole or in part, purported law enforcement, firefighting, or veterans' organizations, personnel, or programs, or individuals who suffer from an illness or injury or handicap.

10. "Person" means a natural person, organization or other legal entity, including a

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

corporation, partnership, proprietorship, limited liability company, association, cooperative, government agency, or any other group or combination acting as an entity.

11. "Solicitor" means any person who solicits a donation or charitable contribution.

12. "Telemarketing" means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call.

## ORDER

## I. PROHIBITED PRACTICES- REPRESENTATIONS AND OMISSIONS

IT IS ORDERED that defendants, their officers, agents, servants, employees, independent contractors, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, or otherwise, are hereby permanently restrained and enjoined from the following practices in connection with engaging, participating, or assisting others in fundraising or telemarketing, whether directly, indirectly, in concert with others, or through any corporation, division or other device:

A. Making, or assisting others to make, expressly or by implication, orally or in writing, any statement or representation of material fact that is false or misleading including, but not limited to, any false or misleading representation:

1. Concerning the organization, program or benefits that a donor's contribution will support; including but not limited to any false or misleading representation that donated funds will be used to:

    a. Assist veterans and/or the families of soldiers by operating a specific, substantial charitable program that provides financial assistance to the families of American soldiers fighting overseas; provides care packages to veterans in Veterans Administration hospitals across the country; or provides financial support to veterans' memorials;

    b. Support police or sheriffs injured in the line of duty by operating a specific, substantial charitable program that (1) assists qualified police officers injured in the line of duty, and their families, by paying mortgages, auto loans, and medical bills, and other costs not covered by their departments; or (2) provides a scholarship program to disabled officers and their

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

families;

  c. Assist disabled firefighters by operating a specific, substantial charitable program that assists qualified disabled firefighters injured in the line of duty, especially during the interval between the injury and the onset of official government benefits, by providing cash benefits to pay necessary living expenses such as mortgages, rent, medical coverage, and costs not covered by their departments; or provide death benefits to the families of firefighters killed in the line of duty; or

  d. Assist children with cancer and their families by operating a specific, substantial charitable program to provide services to children suffering from cancer and their families, including funding gifts, camps, and transportation to and from cancer treatments.

 2. That a donor's contribution will be used for any general or specific charitable purpose;

 3. That a donor's contribution will directly benefit individuals or groups in the donor's state or local area, or will otherwise be spent in the donor's state or local area;

 4. That a donor has agreed to make a charitable contribution;

 5. Concerning a charitable organization's or telemarketer's affiliation with any law enforcement, firefighting, veterans', or children's cancer organization, or any other person or entity;

 6. That the charitable organization is affiliated with, or sponsored or endorsed by, any person or government entity; or

 7. That most of the donor's contribution will be used to fund the program services described to the donor.

B. In connection with fundraising, failing to disclose in each script, brochure, or other solicitation material, and failing to ensure that telemarketers disclose during the initial telephone contact with any donor, and in any follow-up contact:

 1. How the donations raised through the fundraising will be utilized for charitable purposes;

 2. If asked by any consumer, the percentage or amount of any charitable contribution

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

that will go to a charitable organization or to any particular charitable program;

    3. That the solicitor is, or is employed by, a professional fundraiser; and

    4. The city and state of the nonprofit organization's principal place of business.

## II. SUBSTANTIATION

IT IS FURTHER ORDERED that defendants, their officers, agents, servants, employees, independent contractors, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, in connection with fundraising, are hereby permanently restrained and enjoined from failing to ascertain and document, before entering into any agreement to solicit for any nonprofit organization or other person, and again every year until defendants stop soliciting for the nonprofit organization or other person:

A. That the nonprofit organization or other person is registered, if it is required to be registered, and that it operates consistently with its stated purpose;

B. That all initial, rebuttal, and other scripts, brochures, and other solicitation materials used by defendants for the nonprofit organization or other person, do not misrepresent:

    1. The identity of the solicitor or telemarketer;

    2. The programs or services, if any, funded by the solicited contributions;

    3. The geographic area or areas within which any programs or services are provided; or

    4. The portion of any donations or contributions that will be, or has previously been, applied to the charitable purpose;

C. That the nonprofit organization or other person has provided the programs or services described in the solicitation scripts and in other solicitation materials used by defendants during the most recent fiscal or calendar year, *provided that,* if such programs or services will be or have been provided for the first time during the current calendar or fiscal year, the substantiation shall be sufficient if it identifies or describes the program's intended beneficiaries and intended local communities and includes the organization's written plan and itemized budget for delivering these benefits during the current calendar or fiscal year. For purposes of this provision, "substantiation" means copies of thank you letters, canceled checks, or other evidence

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

showing that the nonprofit organization or other person undertakes the programs described in the solicitation materials used by defendants; and

   D.  That more than an incidental amount of the contributions received by the nonprofit organization or other person are spent on the programs or services described in the solicitation scripts and in other solicitation materials used by defendants during the most recent fiscal or calendar year, including by reviewing a financial statement of the nonprofit organization or other person for each year and accounting period during the past two calendar or fiscal years (or for the period of the organization's operation, if less than two years) or, if the organization has filed a Form 990 or other tax return with the Internal Revenue Service at any time during the past three calendar or fiscal years, by reviewing copies of each Form 990 or other tax return filed by or on behalf of the organization during that time, *provided that,* if such programs or services will be or have been provided for the first time during the current calendar or fiscal year, the substantiation shall be sufficient if it identifies or describes the program's intended beneficiaries and intended local communities and includes the organization's written plan and itemized budget for delivering these benefits during the current calendar or fiscal year.

### III.  TELEMARKETING SALES RULE COMPLIANCE

IT IS FURTHER ORDERED that defendants, their officers, agents, servants, employees, independent contractors, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are hereby permanently restrained and enjoined from violating, or assisting others in violating, any provision of the TSR, 16 C.F.R. Part 310, as currently promulgated or as it hereafter may be amended, including, but not limited to:

   A.  Section 310.3(a)(4) of the TSR, 16 C.F.R. § 310.3(a)(4), by making a false or misleading statement to induce any person to pay for goods or services or to induce a charitable contribution;

   B.  Section 310.3(d)(3) of the TSR, 16 C.F.R. § 310.3(d)(3), by misrepresenting, directly or by implication, the purpose for which any charitable contribution will be used;

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

C. Section 310.3(d)(4) of the TSR, 16 C.F.R. § 310.3(d)(4), by misrepresenting, directly or by implication, the percentage or amount of a charitable contribution that will go to a charitable organization or to any particular charitable program;

D. Section 310.3(d)(6) of the TSR, 16 C.F.R. § 310.3(d)(6), by misrepresenting, directly or by implication, a charitable organization's or telemarketer's affiliation with, or endorsement or sponsorship by, any person or government entity;

E. Section 310.4(a)(6) of the TSR, 16 C.F.R. § 310.4(a)(6), by causing billing information to be submitted for payment, directly or indirectly, without the express informed consent of the customer or donor; and

F. Section 310.4(b)(1)(iii)(A) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(A), by initiating any outbound telephone call to a person when that person previously has stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the seller whose goods or services are being offered or made on behalf of the charitable organization for which a charitable contribution is being solicited.

## IV. TRAINING, MONITORING, AND VERIFICATION

IT IS FURTHER ORDERED that defendants, their officers, agents, servants, employees, independent contractors, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, in connection with fundraising or telemarketing, are hereby permanently restrained and enjoined from:

A. Failing to provide initial and rebuttal scripts approved by the nonprofit organization or other person, to each solicitor who will solicit for the nonprofit organization or other person, prior to soliciting donations for that nonprofit organization or other person;

B. Failing to take steps sufficient to train and monitor each of its solicitors so that the solicitor follows the authorized scripts and complies with the requirements of the Sections of this Order titled "Prohibited Practices- Representations and Omissions" and "Telemarketing Sales Rule Compliance." Such steps shall include, but not be limited to, daily random monitoring of

solicitation calls made by each solicitor. Those employees conducting the monitoring shall maintain a log listing the solicitors and calls monitored and noting any material misrepresentations or omissions;

   C. Failing to print a toll-free number for either the defendants or the relevant nonprofit organization or other person on every invoice or receipt provided to donors by defendants;

   D.  Failing to establish a procedure for receiving and responding to consumer complaints;

   E. Failing to investigate promptly and fully any complaint or inquiry received about a solicitation made by any employee or independent contractor and to create and maintain a written record of the investigation and any results; or

   F. Failing to take corrective action with respect to any employee or independent contractor whom defendants determine is not complying with this Order, which may include training, disciplining, and/or terminating such employee or independent contractor.

## V.  SUSPENDED MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

   A. Judgment, in the form of equitable monetary relief, is hereby entered against the corporate defendants only, jointly and severally, in the amount of one million, six hundred eighty-nine thousand, six hundred twenty five dollars and eighty-three cents ($1,689,625.83); *provided, however,* that this judgment shall be suspended subject to the conditions set forth in the Section of this Order titled "Right to Reopen."

   B. All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress, and any attendant expenses for the administration of such equitable relief fund. Defendants shall cooperate fully to assist the Commission in identifying consumers who may be entitled to redress pursuant to this Order. If the Commission determines, in its sole discretion, that redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

(including consumer education remedies) as it determines to be reasonably related to defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Section, and shall have no right to contest the manner of distribution chosen by the Commission. This judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment, or forfeiture.

C. In the event of any default on corporate defendants' obligation to make payment under this Section, interest, computed pursuant to 28 U.S.C. § 1961, as amended, shall accrue from the date of default to the date of payment, and shall immediately become due and payable.

D. Corporate defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. Corporate defendants shall make no claim to or demand return of the funds, directly or indirectly, through counsel or otherwise.

E. Corporate defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including, but not limited to, a nondischargeability complaint in any bankruptcy case. Corporate defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to, and that this Order shall have collateral estoppel effect for purposes of, Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A).

F. In accordance with 31 U.S.C. § 7701, corporate defendants are hereby required, unless they already have done so, to furnish to the Commission with taxpayer identifying numbers (social security numbers or employer identification numbers), which shall be used for purposes of collecting and reporting on any delinquent amount arising out of their relationship with the government.

G. Proceedings instituted under this Section are in addition to, and not in lieu of, any other

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## VI. RIGHT TO REOPEN

A. IT IS FURTHER ORDERED that, by agreeing to this Order, corporate defendants reaffirm and attest to the truthfulness, accuracy, and completeness of the Financial Disclosure Forms and related materials transmitted to the FTC on April 22, 2009. Plaintiff's agreement to this Order is expressly premised upon the truthfulness, accuracy, and completeness of corporate defendants' representations regarding their financial condition in the Financial Disclosure Forms referenced above, which contain material information upon which plaintiff relied in negotiating and agreeing to the terms of this Order.

B. If, upon motion by the Commission, this Court finds that any corporate defendant failed to disclose any material asset or source of income, or materially misrepresented the value of any asset or source of income, or made any other material misrepresentation in or omission from the Financial Disclosure Forms and related materials, the Court shall enter judgment against that defendant, in favor of the Commission, in the amount of two million dollars ($2,000,000), and the entire amount of the judgment shall become immediately due and payable.

C. In all other respects, this Order shall remain in full force and effect unless otherwise ordered by the Court.

D. Proceedings instituted under this Paragraph are in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings the Commission may initiate to enforce this Order. For purposes of this Paragraph, the corporate defendants waive any right to contest any of the allegations in the Commission's Complaint.

## VII. CUSTOMER LISTS

IT IS FURTHER ORDERED that defendants are permanently restrained and enjoined from selling, renting leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

information of any person who paid money to any of the defendants at any time prior to the entry of this Order, in connection with fundraising. Provided, however, that defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## VIII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of (i) monitoring and investigating compliance with any provision of this Order and (ii) investigating the accuracy of any corporate defendant's financial statements upon which the Commission's agreement to this Order is expressly premised:

A. Within ten (10) days of receipt of written notice from a representative of the Commission, defendants shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in any defendant's possession or direct or indirect control to inspect the business or other entity's operation;

B. In addition, the Commission is authorized to use all other lawful means, including but not limited to:

1. Obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed.R.Civ.P. 30, 31, 33, 34, 36, 45, and 69;

2. Posing as consumers and suppliers to defendants, their employees, or any other business or other entity managed or controlled in whole or in part by any defendant, without necessity of identification or prior notice; and

C. Defendants each shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

*Provided however*, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## IX. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of five (5) years from the date of entry of this Order,

    1. The individual defendant shall notify the Commission of the following:

        a. Any changes in such defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

        b. Any changes in such defendant's employment status (including self-employment), and any change in such defendant's ownership in any business or other entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business or other entity that such defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business or other entity; and a detailed description of such defendant's duties and responsibilities in connection with the business or other entity or employment; and

        c. Any changes in such defendant's name or use of any aliases or fictitious names;

    2. Defendants shall notify the Commission of any changes in structure of any corporate defendant or any business or other entity that any defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business or other

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

entity's name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the business or other entity about which a defendant learns less than thirty (30) days prior to the date such action is to take place, such defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B. One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of five (5) years, defendants each shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

1. For the individual defendant:

    a. Such defendant's then-current residence address, mailing addresses, and telephone numbers;

    b. Such defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business or other entity that such defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business or other entity; and a detailed description of such defendant's duties and responsibilities in connection with the business or other entity or employment; and

    c. Any other changes required to be reported under Subsection A of this Section.

2. For all defendants:

    a. A copy of each acknowledgment of receipt of this Order, obtained by defendant pursuant to the Section titled "Distribution of Order;" and

    b. Any other changes required to be reported under Subsection A of this Section.

C. Each defendant shall notify the Commission of the filing of a bankruptcy petition by such defendant within fifteen (15) days of filing.

D. For the purposes of this Order, defendants shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

required by this Order to the Commission, to the following address:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W., Room NJ-2122
> Washington, D.C. 20580
> RE: *FTC v. Marleau, et. al*

*Provided* that, in lieu of overnight courier, defendants may send such reports or notifications by first-class mail, but only if defendants contemporaneously send an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

E. For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with each defendant.

## X. RECORD KEEPING PROVISIONS

IT IS FURTHER ORDERED that, for a period of eight (8) years from the date of entry of this Order, defendants, in connection with fundraising and telemarketing, and their agents, employees, officers, corporations, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

A. Accounting records that reflect the cost of good or services sold, revenues generated, and the disbursement of such revenues;

B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by any business or other entity, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C. Records accurately reflecting the names, addresses, and phone numbers of each donor solicited by or on behalf of defendants, amounts paid, and description of donations made, to the extent such information is obtained in the ordinary course of business;

D. Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

E. Copies of all telephone solicitation scripts, other solicitation materials, and websites;

F. Records accurately reflecting the name, address, and telephone number of each person that any defendant is "assisting" as that term is defined and any contracts or other documents memorializing the relationship; and

G. All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## XI. DISTRIBUTION OF ORDER

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, defendants shall deliver copies of the Order as directed below:

A. Corporate defendant: Each corporate defendant must deliver a copy of this Order to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order; and (3) any business or other entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon such defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business or other entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B. Individual defendant as control person: For any business or other entity that an individual defendant controls, directly or indirectly, or in which such defendant has a majority ownership interest, such defendant must deliver a copy of this Order to (1) all principals, officers, directors,

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

and managers of that business or other entity; (2) all employees, agents, and representatives of that business or other entity who engage in conduct related to the subject matter of the Order; and (3) any business or other entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting."  For current personnel, delivery shall be within five (5) days of service of this Order upon such defendant.  For new personnel, delivery shall occur prior to them assuming responsibilities.  For any business or other entity resulting from any change in structure set forth in Subsection A.2 of the section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

C. Individual defendant as employee or non-control person: For any business or other entity where an individual defendant is not a controlling person of a business or other entity but otherwise engages in conduct related to the subject matter of this Order, such defendant must deliver a copy of this Order to all principals and managers of such business or other entity before engaging in such conduct.

D. Defendants must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## XII.  ACKNOWLEDGMENT OF RECEIPT OF ORDER

IT IS FURTHER ORDERED that, within five (5) business days after receipt of this Order as entered by the Court, each defendant shall submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## XIII.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of construction, modification, and enforcement of this Order.

/ / /

/ / /

/ / /

**FEDERAL TRADE COMMISSION**
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

# XIV. ENTRY OF THIS JUDGMENT

IT IS FURTHER ORDERED that, as there is no reason for delay, the Clerk of this Court is hereby directed to enter this Order.

**SO ORDERED**.

Dated this 18th day of June, 2009.

_____
BENJAMIN H. SETTLE
United States District Judge


**Stipulated, agreed to, and presented by:**

| **FEDERAL TRADE COMMISSION** | **DEFENDANTS** |
|---|---|
| _____/S/_____ | _____/S/_____ |
| David M. Horn | Gregory B. Lam |
| Tracy S. Thorleifson | Copilevitz & Canter, LLC |
| Miry Kim | Attorney for All Defendants |
| Attorneys for Plaintiff | |
| Federal Trade Commission | |
| | _____/S/_____ |
| | David S. Marleau |
| | Individual Defendant |